**MILLE LACS BAND OF CHIPPEWA IN-DIANS, Arthur Gahbow, Walter Sutton, Carleen Benjamin, and Joseph Dunkley, Plaintiffs,**

and

**United States of America, Plaintiff–Intervenor,**

v.

**STATE OF MINNESOTA, Minnesota Department of Natural Resources, and Joseph Alexander, Commissioner of Natural Resources, Defendants,**

and

**John W. Thompson, Jenny Thompson, Joseph N. Karpen, LeRoy Burling, Glenn E. Thompson, and Gary M. Kiedrowski, and the Counties of Aitkin, Benton, Chisago, Crow Wing, Isanti, Kanabec, Mille Lacs, Morrison, and Pine, Defendants–Intervenors.**

Civ. No. 4–90–605.

United States District Court, D. Minnesota, Fourth Division.

Dec. 16, 1993.

Anita P. Fineday, James Franklin Pence, James M. Genia, Mille Lacs Band of Ojibwe, Onamia, MN, Marc D. Slonim, John B. Arum, Ziontz Chestnut Varnell Berley & Slonim, Seattle, WA, for plaintiffs.

James M. Johnson, Johnson Law Office, Olympia, WA, Jeffry Robert Chaffee, Jennifer Ann Fahey, Joint Powers Bd., Mora, MN, for intervenors.

William Arthur Szotkowski, Stephen Bruce Masten, Jerilyn K. Aune, Sp. Asst. Atty. Gen., Michelle E. Beeman, MN Atty. Gen., St. Paul, MN, for defendants.

Lawrence A.G. Moloney, Doherty Rumble & Butler, Gregg J. Tucek, Gary E. Persian, Stephen G. Froehle, Persian MacGregor & Thompson, Minneapolis, MN, for intervenors-defendants.

George Cardinal, pro se.

Zenas Baer, Wefald & Baer, Hawley, MN, for intervenors.

Robert Michael Small, U.S. Atty. Office, Minneapolis, MN, William A. White, Sheila A. Hackett, U.S. Dept. of Justice, Indian Resources Section, Washington, DC, for U.S.

## ORDER

DIANA E. MURPHY, Chief Judge.

Defendants the State of Minnesota, Minnesota Department of Natural Resources, and Joseph Alexander, Commissioner of Natural Resources (the State), defendant-intervenors Leroy Burling, Joseph N. Karpen, Glenn E. Thompson, John W. Thompson, Jenny Thompson, and Gary M. Kiedrowski (the Landowners) and defendant-intervenors the Counties of Aitkin, Benton, Chisago, Crow Wing, Isanti, Kanabec, Mille Lacs, Morrison, and Pine (the Counties) appeal the October 22, 1993 order of United States Magistrate Judge Jonathan Lebedoff granting the motion by the United States to intervene as a plaintiff in this action as a matter of right pursuant to Fed.R.Civ.P. 24(a).

The magistrate judge found that the motion by the United States to intervene was timely, that the United States satisfies all of the requirements for intervention as a right, and that the decision by the United States to intervene as a plaintiff, rather than a defendant, is within the discretion of the United States Attorney General.

A careful review of the record and materials submitted by the parties indicates that the magistrate judge's order was neither clearly erroneous nor contrary to law and should be affirmed. 28 U.S.C. § 636(b)(1)(A).

The Landowners and Counties argue that the magistrate judge should not have found that the motion by the United States to intervene was timely. Both the Landowners and the Counties assert that the United States has known of this litigation for years. The Counties also contend that the United States has offered no reason for its delay in intervening, and its intervention could prejudice the other parties by protracting the litigation.

The United States responds that it filed its motion to intervene before the September 1, 1993 deadline for filing motions to intervene passed. It contends that neither the magistrate judge nor the parties would have adopted a deadline that could prejudice any party. It asserts that if the Landowners and Counties believed the intervention deadline was too late, then they should have objected at the pre-trial scheduling conference or sometime before the United States filed its motion to intervene. The United States argues that the Landowners and Counties will not suffer prejudice if it is allowed to intervene because it will be bound by the pre-trial scheduling deadlines already established.

 All of the circumstances of the case should be considered to determine whether a motion to intervene is timely. *Mille Lacs Band of Indians v. State of Minnesota*, 989 F.2d 994, 998 (8th Cir.1993). The following factors should receive special consideration: the reason for the proposed intervenor's delay in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed.

*Id.*

 It would have been desirable from the case management perspective if the United States had moved to intervene earlier, but it filed its motion to intervene on the September 1, 1993 deadline for filing such motions and has agreed to abide by the case scheduling deadlines in place. The Landowners and Counties participated in the pre-trial conference which led to the September 1, 1993 deadline and did not object when it was set. It does not appear that the Landowners and Counties will be prejudiced by the intervention of the United States. Under all the circumstances the motion to intervene by the United States was timely.

 A timely motion to intervene as of right should be granted if the proposed intervenor has a recognized interest in the subject matter of the litigation that might be impaired by the disposition of the litigation, and the interest is not adequately protected by the existing parties. *Mille Lacs Band of Indians v. State of Minnesota*, 989 F.2d 994 (8th Cir.1993). The interest identified by the applicant "must be more than peripheral or insubstantial; the applicant must assert a 'significantly protectable interest.'" *Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861, 869 (8th Cir.1977), quoting *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971).

The United States and plaintiffs the Mille Lacs Band of Chippewa Indians, Arthur Gahbow, Walter Sutton, Carleen Benjamin, and Joseph Dunkley (collectively the Band) agree that the United States has a broader interest in this suit than the Band. The United States asserts that it has a broad interest in removing interferences with the execution of federal Indian policy. *United States v. Fitzgerald*, 201 F. 295 (8th Cir.1912) (*quoted with approval in Cramer v. United States*, 261 U.S. 219, 233, 43 S.Ct. 342, 346, 67 L.Ed. 622 (1923)). It contends that it has a responsibility to ensure that Indian interests are protected and preserved throughout the country

based on its trust responsibility to Indian tribes and individual Indians. *United States v. Minnesota*, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539 (1926). It also asserts that it has an interest in the promotion and enforcement of a separate and distinct federal Indian policy.

The Landowners, Counties, and State respond that any interest that the United States has as trustee for the Band is adequately protected by the Band. The Landowners assert that any interest that the United States has for other tribes in the country is not implicated by this action except for the potential stare decisis effect of this action on others. They contend that a potential stare decisis effect is not a legally protectable interest justifying intervention under Rule 24(a).

 The magistrate judge properly concluded that the United States has an interest in this action which is not adequately represented by the Band. The United States has a guardian responsibility and has "the right to invoke the aid of a court of equity in removing unlawful obstacles to the fulfillment of its obligations." *United States v. Minnesota*, 270 U.S. 181, 194, 46 S.Ct. 298, 300, 70 L.Ed. 539 (1926). It has an interest in this action as a guardian of the Band, as the guardian of other Indian bands in the nation, and to remove obstacles to the fulfillment of its obligations. These interests are legally protectable and satisfy the Rule 24(a) requirement. These interests are not adequately protected by the Band because it has no incentive to protect the interests of other tribes in the nation and cannot represent the overall federal Indian policy.

Moreover, it is possible that the Band's action against the State of Minnesota could be impeded by the Eleventh Amendment. *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991) (immunity for states extends to suits by Indian tribes). The State urges that the action could still continue even if *Blatchford* were to apply because the complaint names several state officials in their official capacities whom the Band argues can be sued under *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The possibility

that *Ex Parte Young* could keep the actions against state official defendants alive even if *Blatchford* applies does not override the risk to the interest of the United States posed by *Blatchford.*

Finally, the State, Counties, and Landowners assert that if the United States is allowed to intervene, it should be realigned as a defendant or be required to represent the interests of other citizens of the United States as well as the Band. The State contends that the United States has an interest in defending its historical policy on the rights of the Band under the 1837 Treaty and that this interest conflicts with the interests of the Band. The Landowners assert that they are third party beneficiaries of the 1837 treaty and that the United States has an obligation to enforce their rights. The State and the Landowners argue that this action is distinguishable from *Nevada v. United States*, 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). They assert that the conflicting duties assigned to the United States were both created by statute in *Nevada,* but that there is only one statutorily created duty in this action, defense of the Indian Claims Commission (ICC) process. They contend that the statutorily created duty to defend the ICC process should be enforced before a judicially created doctrine, like the government's trust relationship with the Indians.

The United States responds that realignment would be inappropriate because the Band has not asserted any claims against it and because sovereign immunity would bar any such claims. It contends that its decision to intervene as a plaintiff is supported by *Nevada* and that the Attorney General properly determines the litigation position of the Department of Justice.

The Band also argues that realignment is inappropriate. It believes there is an actual controversy between the United States and the State, but there is no dispute between the Band and the United States. According to the Band, the United States has taken affirmative acts to enforce its rights under the 1837 treaty. The Band contends that the Department of Justice has discretion to decide its own litigation policy. It contends that the ICC process is not under attack in

this action. It notes that the ICC is limited to awarding money damages for rights abrogated or taken by the United States and that its claims for relief from the State would not be within the jurisdiction of the ICC.

 "Except as otherwise authorized by law, the conduct of litigation in which the United States ... is a party, or is interested, ... is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. The Department of Justice has decided to seek intervention as a plaintiff in this case. Although the United States may have interests to protect in this case in addition to its trustee interest in Indian tribes, it may choose to enforce its trustee interest instead of other interests. *Nevada* at 128, 103 S.Ct. at 2917. If Congress has given the executive branch conflicting obligations, the government may have to choose which is more important. "The Government does not 'compromise' its obligation to one interest that Congress obliges it to represent by the mere fact that it simultaneously performs another task for another interest that Congress has obligated it by statute to do." *Nevada* at 128, 103 S.Ct. at 2917. The United States should not be realigned as a defendant.

For all these reasons the decision of the magistrate judge should be affirmed.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the October 22, 1993 order of United States Magistrate Judge Jonathan Lebedoff is affirmed.